UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

|  |  |  |
|---|---|---|
| LIFEPOINT CORPORATE SERVICES GENERAL PARTNERSHIP, *et al.*, | ) ) ) | Case No. 3:22-cv-00029-GFVT |
| Petitioners, | ) ) ) |  |
| V. | ) ) | **MEMORANDUM OPINION** |
| WELLCARE HEALTH INSURANCE COMPANY OF KENTUCKY, INC., | ) ) ) ) | **&** **ORDER** |
| Respondent. |  |  |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

This matter is before the Court on Petitioner's Motion to Vacate the Arbitration Award and Request for Hearing [R. 26] and Respondent's Motion to Confirm the Arbitration Award [R. 31]. The parties participated in arbitration proceedings due to a dispute over the terms in a Settlement Agreement. The arbitrator granted summary judgment to Respondent. [R. 30-8.] Petitioners assert that the arbitrator exceeded his power by manifestly disregarding Kentucky law and refusing to hear pertinent evidence. *Id.* For the reasons stated below, Petitioners' Motion to Vacate [R. 26] is **DENIED** and Respondent's Motion to Confirm [R. 31] is **GRANTED**.

**I**

LifePoint operates several hospitals in Kentucky and WellCare is a managed care organization that contracts with the state to provide healthcare benefits to WellCare members. [R. 26 at 4.] WellCare and LifePoint had a dispute regarding WellCare's failure to adequately pay claims for emergency services rendered by LifePoint, as well as disagreements about underpayments and overpayments of hospital outpatient rates. [R. 26 at 44.] To resolve these disputes the parties entered into a Settlement Agreement. In the Settlement Agreement,

WellCare waived and released its claim to overpayments through August 31, 2018, but preserved claims with dates after August 31, 2018. [R. 31-5 at 3.] The dispute in this case arose from the reimbursement rates included in the Settlement Agreement. [R. 26 at 9.] The rates loaded in WellCare's system were different than the rates identified in the Settlement Agreement, causing there to be discrepancies in their payments to LifePoint. *Id.* Due to the rate discrepancy, WellCare sought overpayment from LifePoint. *Id.* LifePoint disagreed with WellCare's claim and initiated arbitration. *Id.*

The American Association of Arbitrators (AAA) appointed Judge Saunders as the arbitrator in this matter. The arbitrator ruled in favor of WellCare after both parties submitted their respective motions for summary disposition. Judge Saunders noted both parties "carefully drafted the agreement and included a merger clause, with the 'entire agreement' language, which foreclosed the use of extrinsic evidence to vary the terms of the Settlement Agreement." [R. 31-10 at 10.] Judge Saunders entered his final award in favor of WellCare.

The parties then filed their respective motions to confirm and vacate the arbitration award, which are now pending before this Court. LifePoint asks this Court to vacate the arbitration award, arguing the arbitrator "manifestly disregard[ed] clearly defined Kentucky law and refus[ed] to hear evidence which is pertinent and material to the controversy." [R. 26 at 1.] WellCare argues that "LifePoint has fallen short of demonstrating the sort of 'outrageous circumstances' or 'extreme arbitral conduct' necessary to vacate the arbitration award." [R. 31-1 at 10.]

II

A

A court's power to vacate an arbitration award is limited in scope. *Elec. Data Sys. Corp. v. Donelson*, 473 F.3d 684, 688 (6th Cir. 2007). When reviewing an arbitration award, "'the review is very narrow; [it is] one of the narrowest standards of judicial review in all of American jurisprudence.'" *Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 429 F.3d 640, 643 (6th Cir. 2005) (*quoting Lattimer-Stevens Co. v. United Steelworkers*, 913 F.2d 1166, 1169 (6th Cir. 1990)).

Petitioner's move for vacatur on both federal and state grounds. Section 10 of the FAA sets forth the statutory grounds to vacate an arbitration award, including (1) where the award was procured by corruption, fraud, or undue means, (2) where the arbitrators evidenced partiality or corruption, (3) where the arbitrators were guilty of misconduct, and (4) where the arbitrators exceeded their powers. 9 U.S.C. § 10.

In addition to these statutory grounds, some courts have added an additional standard of review—the manifest disregard of the law. This standard has its origins in *Wilko v. Swan*, where the Supreme Court held that an arbitration award can be overturned if the arbitrator acted with a manifest disregard of the law. *Wilko v. Swan*, 346 U.S. 427, 436 (1953). In *Hall Street v. Mattel*, however, the Supreme Court held the exclusive grounds for vacating an arbitration award were those listed in the statute. 552 U.S. 576, 584 (2008). Interestingly, the specific issue in *Hall Street* was not the manifest disregard standard, but the standard's vitality was nonetheless called into question. *Id.* at 584-86. Thus, there remains disagreement among the circuit courts as to whether the manifest disregard standard survived *Hall Street*.

The Sixth Circuit found that the manifest disregard standard survived *Hall Street*. In *Coffee Beanery Ltd. v. WW, LLC*, the Sixth Circuit noted the court's "ability to vacate an

3

arbitration award is almost exclusively limited to [the statutory] grounds . . . [but] it may also vacate an award found to be in manifest disregard of the law." *Coffee Beanery, Ltd. v. WW, L.L.C.*, 300 F. App'x 415, 418 (6th Cir. 2008). The Sixth Circuit also found that *Hall Street* does "not foreclose federal courts' review for an arbitrator's manifest disregard of the law." *Id.* at 419. As such, an arbitrator acts with manifest disregard if (1) the applicable legal principle is clearly defined and (2) the arbitrator refused to heed the legal principle. *Id.*

Under the Kentucky Uniform Arbitration Act (KUAA), a court may vacate an award where (1) the award was procured by corruption, fraud, or undue means, (2) the arbitrators evidenced partiality or corruption, (3) the arbitrators refused to postpone a hearing or refused to hear material evidence, or (4) the arbitrators exceed their powers. Ky. Rev. Stat. § 417.160(1). LifePoint seeks vacatur of the arbitration award under both federal and state law for three reasons: (1) the arbitrator exceeded its power by manifestly disregarding the law, (2) the arbitrator was partial or corrupt, and (3) the arbitrator refused to hear evidence pertinent and material to the controversy.

**1**

LifePoint requests vacatur of the award because the arbitrator exceeded his authority by acting in "manifest disregard of the law." [R. 26 at 13.] Courts are required to accord "an arbitrator's decision substantial deference because it is the arbitrator's construction of the agreement, not the court's construction, to which the parties have agreed." *Beacon Journal Pub. Co. v. Akron Newspaper Guild, Local No. 7*, 114 F.3d 596, 599 (6th Cir. 1997).

Bearing the requirement of deference in mind, LifePoint first asserts that it is considered clearly defined law that courts look beyond the four corners of a fully integrated contract to determine whether there was a mutual mistake or fraud. [R. 26 at 15-16.] LifePoint argues that

4

the arbitrator failed to heed this law when he refused to consider extrinsic evidence of mistake or fraud. *Id.* The arbitrator's decision, however, contradicts LifePoint's contention. In the arbitrator's decision, the arbitrator contemplates using extrinsic evidence to show misrepresentation or mistake but concludes that extrinsic evidence is not needed because the Settlement Agreement is not ambiguous. [R. 31-10 at 10.] The fact the arbitrator reached a different legal conclusion from LifePoint, does not rise to the level of manifestly disregarding the law.

Second, LifePoint argues that Kentucky law establishes that "extrinsic evidence may be used to reform a contract because of fraud or mistake—even when the contract contains an integration or merger provision." [R. 26 at 15.] LifePoint asserts that by failing to use extrinsic evidence to reform the contract, the arbitrator acted in manifest disregard of the law. *Id.* at 16. Again, the arbitrator's decision contradicts LifePoint's contention that the arbitrator disregarded the law. In the arbitrator's decision, there is an entire section dedicated to contract reformation, in which the arbitrator discusses Kentucky-specific law. [R. 26-5 at 11.] The fact that the arbitrator reached a different legal conclusion from LifePoint, specifically that there was no evidence of fraud or mutual mistake, does not rise to the level of manifestly disregarding the law. In light of the narrow standard of review, this Court cannot conclude the arbitrator exceeded his authority when granting the arbitration award.

**2**

LifePoint next argues that the arbitrator was partial or corrupt. To show partiality or corruption, the challenging party must show that a reasonable person would be able to conclude that the arbitrator was partial to one party in the arbitration. *Apperson v. Fleet Carrier Corp.*, 879 F.2d 1344, 1358 (6th Cir. 1989). This is an actual bias standard, not an appearance of bias

5

standard. *Id*. As a result, the burden of showing bias is a high hurdle to overcome, requiring circumstances "powerfully suggestive of bias." *Id*. (citing *Merit Ins. Co. v. Leatherby Ins. Co.*, 714 F.2d 673, 681–82 (7th Cir.)).

LifePoint argues that "in granting WellCare's motion for summary judgment despite material evidence to the contrary, making findings of fact in WellCare's favor without considering a hearing, and grossly misapplying clearly established law, the Arbitrator exhibited evident partiality in WellCare's favor." [R. 26 at 18 n.5.] This evidence is not sufficient to prove partiality because "[a]n adverse award in and of itself is no evidence of bias absent some evidence of improper motivation." *Andersons, Inc. v. Horton Farms, Inc.*, 166 F.3d 308, 330 (6th Cir. 1998). By using the arbitrator's decision as the only proof of partiality, LifePoint has not met the requisite burden for vacatur.

### 3

LifePoint next argues that the arbitrator refused to hear evidence pertinent and material to the controversy. To be successful under this argument, the reviewing court must find that (1) the excluded evidence was so material to the arbitrator's decision that it denied fundamental fairness to the challenger and (2) by clear and convincing evidence the arbitrator had no reasonable basis for his decision. *Floyd Cnty. Bd. of Educ. v. EUA Cogenex Corp.*, No. 98-6273, 1999 WL 1023704, at *2 (6th Cir. 1999). Fundamental fairness requires only "notice, an opportunity to present relevant and material evidence and arguments to the arbitrators, and an absence of bias on the part of the arbitrators." *Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 278 F.3d 621, 625 (6th Cir. 2002).

LifePoint argues that they were deprived of fundamental fairness because the arbitrator confined his analysis to the four corners of the Settlement Agreement. [R. 26 at 17-18.] In the

arbitrator's decision, however, the arbitrator referenced exchanged draft agreements, email exchanges, and LifePoint's evidence about WellCare's knowledge of the reimbursement rates. [R. 26-5 at 11-12.] Thus, the arbitrator's findings indicate that the arbitrator did consider the evidence proffered by the Petitioner, but ultimately decided the evidence did not warrant reformation. This was the arbitrator's prerogative to do so, and in doing so, the Petitioner was not denied fundamental fairness.

Moreover, LifePoint argues that the arbitrator's decision to resolve the parties' motions through summary disposition, rather than through a hearing, provides grounds for vacatur. [R. 26 at 24.] LifePoint, however, provides no case law supporting the idea that arbitrators must hold evidentiary hearings. *See Samaan v. General Dynamics Land Systems, Inc.*, 835 F.3d 593, 604 (6th Cir. 2016) (noting the challenger "points to no caselaw (and we are aware of none) holding that an arbitrator's failure to hold an evidentiary hearing merits vacatur under 9 U.S.C. § 10."). As such, the arbitrator's choice to resolve this case through summary disposition does not warrant vacatur.

Further, the arbitration was conducted "pursuant to the AAA Commercial arbitration rule then in effect." [R. 26-5 at 3.] Under the AAA's Commercial Arbitration Rules, an arbitrator may "make rulings upon a dispositive motion only if the arbitrator determines that the moving party has shown the motion is likely to succeed." Am. Arbitration Assoc., Commercial Arbitration Rules and Mediation Procedures, R-33 (rules effective Oct. 1, 2013), available at https://adr.org/sites/default/files/Commercial%20Rules.pdf [https://perma.cc/BBN9-CJDX]. Thus, the arbitrator did not exceed his power by entering a decision on each party's respective motion for summary judgement as both parties agreed to arbitrate pursuant to the AAA's Commercial Arbitration Rules.

7

**B**

LifePoint also alleges state law grounds for vacatur under the KUAA but relies on the same arguments presented for vacatur under the FAA. [R. 26 at 13-24.] The KUAA mirrors the FAA, and this Court's reasoning remains the same under either the FAA or the KUAA. Therefore, and for the reasons previously stated, LifePoint's request for vacatur under KUAA also fails.

**C**

Lastly, LifePoint requests oral argument. [R. 26 at 1.] LifePoint seeks oral argument to aid the Court in the consideration of their Motion to Vacate. *Id.* LifePoint argues the case involves "technical contracting and reimbursement practices" and "raises serious issues involving the complete disregard by an arbitrator of clear and firmly established Kentucky law." *Id.* at 1-2. WellCare opposes the request arguing the merits underlying the arbitration are not at issue. [R. 38 at 14.] Rather, the sole issue is whether to confirm or vacate the arbitration award. *Id.* The Court has discretion in granting such requests, and it sees no need for oral argument. *See* Carter v. Porter, 2012 WL 298479, at *3 (E.D. Ky., February 1, 2012) (citing *AD/SAT, Div. of Skylight, Inc. v. Associated Press,* 181 F.3d 216, 226 (2d Cir.1999) ("We have held that a district court's decision whether to permit oral argument rests within its discretion.") (other citations omitted)). The issues raised in both parties' Motions were well-briefed, and more testimony is unnecessary given the limited scope of review and the extensive documentation of this matter.

**III**

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. The Petitioner's Motion to Vacate Arbitration Award and Request for Hearing **[R. 26]** is **DENIED**;

2. The Respondent's Motion to Confirm the Arbitration Award **[R. 31]** is **GRANTED**;

3. This matter is **DISMISSED** and **STRICKEN** from the Court's active docket; and

4. Judgment will be entered contemporaneously herewith.

This the 1st day of November, 2023.

Gregory F. Van Tatenhove
United States District Judge